UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

CHET STOJANOVICH,

Defendant.

---

22-cr-339 (DLC)

MEMORANDUM OPINION
AND ORDER

For the petitioner:

Clay H. Kaminsky
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007

For the United States:
William K. Stone
Assistant United States Attorney
26 Federal Plaza, 37th Floor
New York, NY 10278

DENISE COTE, District Judge:

On April 12, 2024, defendant Chet Stojanovich moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines.  The motion is denied.

## Background

On November 29, 2022, Stojanovich pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343 and pursuant to a plea agreement with the Government.  The plea agreement calculated the defendant's Sentencing Guidelines range as 41 to 51 months'

imprisonment, based on an offense level of 22 and criminal history category of I.

Stojanovich engaged in a scheme to defraud over a dozen individuals and companies who were seeking to purchase cryptocurrency-mining computers and other services.  He obtained over $2 million through false representations and spent the income on travel and other personal expenditures.  He also testified falsely to conceal his scheme during litigation brought by one of his victims.

The defendant's Presentence Report also concluded that the Sentencing Guidelines range was 41 to 51 months' imprisonment based on an offense level of 22 and a criminal history category of I.  The Probation Department recommended a sentence of imprisonment of 41 months, the defendant sought a sentence of time served, and the Government requested a sentence within the Sentencing Guidelines range.

On March 2, 2023, the Court adopted the Sentencing Guidelines range set forth in the Presentence Report and sentenced the defendant principally to a term of 36 months' imprisonment.  At the sentencing, the Court described the defendant's physical and mental health problems, among other things.

On December 6, 2023, the United States Probation Department issued a report indicating that the defendant is eligible for a sentence reduction pursuant to amendment 821 to the Sentencing Guidelines.  The amendment went into effect on November 1, 2023 and applies retroactively.  On April 12, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines.  Stojanovich resides in a halfway house and is scheduled to be released from custody on September 11, 2024.

### Discussion

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see

3

also <u>Dillion v. United States</u>, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10.  <u>Martin</u>, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. <u>United States v. Young</u>, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  <u>Dillon</u>, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  <u>See</u> U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 modified the calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.C. § 4C1.1.  It provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors.  Those aggravating factors

4

include that the defendant "did not personally cause substantial financial hardship."  U.S.S.G. § 4C1.1(a)(6).  Amendment 821 was informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower recidivism rates" than other offenders, including those with one criminal history point.  The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the amendment.  U.S.S.G. App. C, Amendment 821, Reason for Amendment.  The Sentencing Commission noted as well that the exclusionary criteria identified by the Commission were also informed "by extensive data analyses and public comment."  Id.

The applicable policy statement in the Sentencing Guidelines states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range so long as the amendment is retroactive, see U.S.S.G. § 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines range.  Id. § 1B1.10(a)(2)(B).  It requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether to reduce the sentence and the extent of the reduction.  Id. § 1B1.10,

Application Note 1(B)(i)-(ii).  A court may also consider a defendant's post-sentencing conduct.  Id. § 1B1.10, Application Note 1(B)(iii).

Stojanovich received no criminal history points at the time of his sentencing.  If Amendment 821 reduced his offense level by two levels, it would be lowered from 22 to 20.  As a consequence, Stojanovich's Guidelines range would be lowered from the original range of 41 to 51 months to 33 to 41 months. The bottom of the amended range is three months lower than the defendant's sentence of 36 months' imprisonment.  It is also true, however, that Stojanovich may be ineligible for any adjustment because he personally caused "substantial financial hardship."

It is unnecessary to determine whether Stojanovich qualifies for a modification of his Sentencing Guidelines range pursuant to Amendment 821.  When the § 3553(a) factors are weighed along with considerations of public safety and the defendant's post-sentencing conduct, no further reduction of his term of imprisonment is warranted.  The defendant engaged in systematic, significant fraud over a number of months.  He profited handsomely from his crime and engaged in a fraud on the court in connection with civil litigation that arose out of his fraud.  He was already shown leniency at his sentence to account

for his personal circumstances and the entirety of the § 3553(a) factors.  A reduction in his sentence is not warranted.

## Conclusion

Stojanovich's April 12, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582 (c) and U.S.S.G. § 1B1.10 is denied.

Dated:   New York, New York
      July 16, 2024

           _____
           Denise Cote
          United States District Judge